**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

FIRSTBANK PUERTO RICO,

    **Plaintiff,**

          **v.**                    **Civil No.** 12-1339 (FAB)

ATLANTIC FINANCE BUSINESS CORP.,
LEOVIGILDO PEREZ-MINAYA,

    **Defendants.**

**MEMORANDUM & ORDER**

BESOSA, District Judge.

Before the Court is defendants' motion to dismiss the complaint due to insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)"). (Docket No. 21.)  After considering the defendants' motion, the plaintiff's opposition (Docket No. 24), defendants' reply (Docket No. 31), and plaintiff's sur-reply (Docket No. 35), the Court now **DENIES** defendants' motion.

**I.  Background**

On May 14, 2012, plaintiff FirstBank Puerto Rico ("FirstBank") filed a complaint for breach of contract and collection of monies against Atlantic Finance Business Corporation ("Atlantic") and Leovigildo Perez-Minaya ("Perez"), seeking $1,112,000.00. (Docket No. 1).  The Clerk of the Court issued summons on May 15, 2012.

(Docket No. 4.)   On May 3, 2013, the Court ordered plaintiff to show cause why the case should not be dismissed for plaintiff's failure to serve the summons within 120 days.   (Docket No. 7.) Plaintiff filed a motion in compliance with the Court's order, indicating that the summons were served on May 16, 2013[1] and explaining the delay in process service.   (Docket No. 9.)   On May 17, 2013 he Court found that cause was shown.   (Docket No. 12.) On June 28, 2013, defendants moved to dismiss the complaint due to insufficient service of process.   (Docket No. 21.)

## II.  Discussion

Defendants move for dismissal for insufficient service of process pursuant to Rule 12(b)(5). They contend that plaintiff (1) failed to serve process in compliance with Dominican law, and (2) failed to begin the process of serving defendants within 120 days of the filing of the complaint.

Service of process on an individual or corporation in a foreign country is governed by Federal Rules of Civil Procedure

---

[1] The summons documents indicate that the "Demand for Payment" in the Dominican Republic was issued on May 15, 2013, and the Summons was issued on May 16, 2013.  (Docket Nos. 19-1 & 19-2.)

4(f) and (h).[2]   Pursuant to Rule 4(f), the Court must first determine whether the foreign country has entered into any international agreement regarding process service with the United

---

[2] This rule provides in pertinent part:

**(f)  Serving an Individual in a Foreign Country.**  Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:

    (1)  by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

    (2)  if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

        (A)  as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

        (B)  as the foreign authority directs in response to a letter rogatory or letter of request; or

        (C)  unless prohibited by the foreign country's law, by:

            (i)  delivering a copy of the summons and of the complaint to the individual personally; or

            (ii)  using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

            (3)  by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Rule 4(h) allows the same methods to be used for service on a foreign corporation or partnership, except personal delivery. Id. 4(h).

States, such as the Hague Convention.  <u>See</u> Fed. R. Civ. P. 4(f)(1).

If is no international agreement exists, the then Court determines

whether the  serving party has complied with one of the methods

provided in Rule 4(f)(2), which should not be read as hierarchical.

<u>Elisan Entm't., Inc. v. Suazo</u>, 206 F.R.D. 335, 337 (D.P.R. 2002)

(Dominguez, J.); <u>In re Maxon Eng'g. Serv., Inc.</u>, 418 B.R. 653, 664

(Bankr. D.P.R. 2009).

    The defendants in this case are domiciled in the Dominican

Republic, which, as the parties concede, is not a signatory to the

Hague Conference on Private International Law, and has never

ratified or signed the Convention on the Service Abroad of Judicial

and Extrajudicial Documents in Civil or Commercial Matters.  <u>See,</u>

<u>e.g.</u>, <u>Elisan</u>, 206 F.R.D. at 337; <u>Maxon</u>, 418 B.R. at 664.  Nor is

there an internationally agreed upon means of service.  <u>Elisan</u>, 206

F.R.D. at 336 n.1; <u>Maxon</u>, 418 B.R. at 664-65.  Thus, process

service in this case is governed by Rule 4(f)(2).

    As provided by Rule 4(f)(2)(A), plaintiff elected to serve

defendants pursuant to Dominican law.  Defendants contend that

plaintiff failed to comply with Dominican law regarding process

service.  Defendants do not challenge the personal delivery of

process; they merely contest its timeliness, contending that

plaintiff failed to comply with Article 72 of the Dominican civil

procedure rules, which requires service to be effectuated "on the

eighth day." (Docket No. 21 at p. 7.)  Plaintiff responds that

Article 72 does not govern service of process, but rather dictates

the time frame within which a defendant must appear through counsel

in a civil proceeding.  (Docket No. 24 at p. 2.)  This

interpretation is supported by Articles 73 and 74, which prescribe

time lines within which foreign defendants must appear before

Dominican courts.  Rather, plaintiff contends, Dominican law does

not establish a deadline by which process must be served.  The only

limit on a civil action is Article 397, which calls for dismissal

of a lawsuit that has had no activity, including lack of service of

process, for three years.  (Docket No. 24 at pp. 9-10.)  Defendants

argue that Article 397 only applies to civil actions filed in

Dominican courts, and does not govern the service of process in

foreign lawsuits.  (Docket No. 31.)  As plaintiff points out,

defendants' argument is misplaced, because Rule 4(f)(2)(A) allows

for service of process "as prescribed by the foreign country's law

for service in that country in an action in its courts of general

jurisdiction."  Fed. R. Civ. P. 4(f)(2)(A) (emphasis added).

Article 397 is the only applicable Dominican civil procedure

provision offered by the parties. Because plaintiff served

defendants with process within the three-year window imposed by

Article 397, the Court finds that it complied with Dominican law, thus satisfying Rule 4(f)'s requirements.  Defendants' motion to dismiss for insufficient service of process is accordingly **DENIED** on that ground.

In the alternative, the Court finds, as it did in its May 17, 2013 order, that plaintiff has shown good cause for the delay in service of process.  As an alternative argument, defendants contend that the service should be quashed – and the complaint dismissed – because service was unreasonably dilatory in violation of the spirit of Rule 4.  While the federal rules do not provide a specific time limit for foreign service of process, see Fed. R. Civ. P. 4(m), "courts have leave to dismiss for failure to serve abroad when a plaintiff is dilatory." Feliz v. MacNeill, 493 Fed. Appx. 128, 131 (1st Cir. 2012) (citing Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005) ("[T]he amount of time allowed for foreign service is not unlimited.") and Trask v. Serv. Merch. Co., Inc., 135 F.R.D. 17, 22 (D. Mass. 1991)). Rule 4(m)'s "120-day cutoff for domestic service can be instructive" in determining a reasonable limit for foreign service. Id. at 131; see also Nykol, 396 F.3d at 807 (noting that dismissal might be appropriate where "a plaintiff made no attempt to begin the process of foreign service within 120 days.")  The record

Civil No. 12-1339 (FAB)                                                    7

suggests that plaintiff began the process of serving defendants within the 120-day time frame outlined by Rule 4(m).  Accordingly, the delay in this case was not so unreasonable as to warrant outright dismissal of the case.

    For the reasons articulated above, defendants' motion to dismiss is **DENIED.**

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, February 18, 2014.


                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE